# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

March 17, 2003

The Honorable Jeb McNew
Montague County Attorney
Montague County Courthouse
P.O. Box 336
Montague, Texas 76251-0336

Opinion No. GA-0042

Re: Whether an inmate in a county jail has the right to choose a medical provider and whether an inmate who refuses to use the provider designated by the sheriff's office has refused medical treatment (RQ-0609-JC)

Dear Mr. McNew:

You ask whether an inmate in a county jail has the right to choose a medical provider and, if an inmate does not, whether an inmate who refuses to use the provider designated by the sheriff's office has refused medical treatment.

As background to your request, you explain that the Montague County Jail is near two hospitals, Nocona General Hospital and Bowie Memorial Hospital. Jail personnel summoned emergency care from Nocona General Hospital for an inmate.[1] "The Nocona Hospital [emergency medical team] responded intending to take the inmate to Nocona General Hospital, however, the inmate wanted to be transported to Bowie Memorial Hospital and was so transported." Request Letter, *supra* note 1, at 1. Nocona General Hospital emergency medical services ("EMS") then complained to the jail administrator that Bowie Memorial Hospital EMS should have been summoned. *Id.* (Attachment 1, Sheriff's Memo). In response, the jail administrator advised Nocona General Hospital EMS that (i) "inmates were required to utilize the medical providers that the jail provided them," (ii) "other medical providers would be used only at the referral of these providers," and (iii) "if an inmate refused to use the medical provider that the jail summoned . . . that inmate would be considered to have refused medical treatment." *Id.* After Nocona General Hospital asked for a letter confirming this information, the sheriff's office asked your office to provide advice on the following questions: "Does the inmate have the right to choose a medical provider while in custody? If an inmate refuses to use our provider, is he refusing medical treatment?" *Id.*

---

[1]Letter from Honorable Jeb McNew, Montague County Attorney, to Office of the Attorney General, Opinion Committee (Sept. 11, 2002) (letter with two attachments on file with Opinion Committee) [hereinafter Request Letter]; Attachment 1, Sheriff's Memo.

The Eighth Amendment to the United States Constitution imposes on prison officials the duty to ensure that inmates "receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994); *see also Estelle v. Gamble,* 429 U.S. 97 (1976). A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *See Farmer,* 511 U.S. at 828. On the other hand, inmates have "no constitutional right to select which physician will provide medical care." *Bezotte v. Kalmanov,* 2001 WL 167830, *2 (N.D. Tex. 2001). Because neither the federal nor state constitution requires the county to allow an inmate to select a physician, we must determine whether any statute provides such a right or otherwise addresses the issue.

We have not located any statute that expressly addresses whether an inmate in a county jail has a right to choose a medical provider. As a general matter, article 16.21 of the Code of Criminal Procedure charges "[e]very sheriff" to "safely keep a person committed to his custody." TEX. CODE CRIM. PROC. ANN. art. 16.21 (Vernon 1977). Under the Local Government Code, "[t]he commissioners court of a county shall provide safe and suitable jails for the county." TEX. LOC. GOV'T CODE ANN. § 351.001 (Vernon 1999). "The sheriff of each county is the keeper of the county jail. The sheriff shall safely keep all prisoners committed to the jail . . . ." *Id.* § 351.041(a). The sheriff may appoint a jailer to operate the jail and meet the needs of the prisoners, "but the sheriff shall continue to exercise supervision and control over the jail." *Id.* § 351.041(b).

Article 104.002 of the Code of Criminal Procedure, the sole statute that expressly addresses medical care of county inmates, allocates financial responsibility for inmates' medical care. It does not address whether an inmate in a county jail has a right to choose a medical provider, and does not provide or imply such a right. *See* TEX. CODE CRIM. PROC. ANN. art. 104.002(a) (Vernon Supp. 2003) ("Except as otherwise provided by this article, a county is liable for all expenses incurred in the safekeeping of prisoners confined in the county jail or kept under guard by the county."), *id.* art. 104.002(d) (duty of county jail inmate to pay for medical, dental, or health related services provided by a county or a hospital district; county or hospital district's right of subrogation).

Because there is no statute that addresses this issue, we look to standards adopted by the Texas Commission on Jail Standards ("the Commission"). The Commission is charged under section 511.009 of the Government Code with adopting reasonable rules and procedures establishing minimum standards for the "operation of county jails" and for "the custody, care, and treatment of prisoners." TEX. GOV'T CODE ANN. § 511.009(a)(1)-(2) (Vernon 1998). Each county jail must comply with the minimum standards and the rules and procedures of the Commission. *See* TEX. LOC. GOV'T CODE ANN. § 351.002 (Vernon 1999).

The Commission has promulgated a rule that requires county jails to create and implement a written plan for inmate medical, mental, and dental services that has been approved by the Commission. *See* 37 TEX. ADMIN. CODE § 273.2 (2002) (health services plan); *see also id.* § 273.1 (each jail operator "shall provide medical, mental, and dental services in accordance with the approved health services plan"). The Commission rule specifically requires a plan, among other things, to provide procedures "for regularly scheduled sick calls," "for referral for medical, mental, and dental services," and "for efficient and prompt care for acute and emergency situations." *Id.* §

273.2(1)-(3). The plan must also "provide procedures for the rights of inmates to refuse health care in accordance with informed consent standards for certain treatments and procedures." *Id.* § 273.2(8). The rule does not provide that an inmate has any right to select a particular medical provider. *See id.*

As required by the Commission rule, the Montague County Sheriff's Office has adopted a health services plan. It states that "[i]n the event of a medical emergency from injuries or sudden illness, the Bowie or Nocona EMS will be summoned to the jail for immediate care of the inmate." Request Letter, *supra* note 1 (Attachment 2, Montague County Sheriff's Office Jail Division Health Services Plan, at 2). The county plan directs jail personnel to summon EMS and there is no indication in the plan that the inmate may choose between the two providers, nor is there any indication as to which facility the inmate should be taken. *See id.* "If an inmate is transferred to the hospital emergency room, a sheriff's deputy or detention officer will accompany the inmate to the hospital." *Id.* With respect to refusal of treatment, the plan provides that "[j]ail personnel will inform the EMS, Bowie Memorial Hospital, and Nocona General Hospital that they should follow the community informed consent standards for treatment and procedure that they afford all patients, including those applicable to minors." *Id.* (Attachment 2, at 3).

We conclude that an inmate does not have the right to choose a medical provider under the Commission rule or the county health services plan. Under the Commission rule and the county plan, the county is vested with the duty to provide routine medical care and to summon emergency medical care for inmates. That duty includes the authority to select a medical provider. *See* 37 TEX. ADMIN. CODE §§ 273.1, 273.2 (2002); *see also* Tex Att'y Gen. Op. No. DM-111 (1992) at 4 ("A county commissioners court has the authority to contract with a licensed physician to provide medical services to inmates incarcerated in the county jails. A county sheriff has the authority to schedule medical services for the county jails."). Neither the Commission rule nor the county health services plan provides an inmate with the right to select a medical provider.

You also ask whether an inmate who refuses the medical provider selected by the sheriff's office refuses medical treatment. You ask this question because Nocona General Hospital EMS has asked the sheriff's office for a letter confirming that "if an inmate refused to use the medical provider that the jail summoned . . . that inmate would be considered to have refused medical treatment." Request Letter, *supra* note 1 (Attachment 1, Sheriff's Memo). We have not found any authority that addresses this question. The Commission rule and the county plan address an inmate's right to refuse treatment in accordance with informed consent standards. *See* 37 TEX. ADMIN. CODE § 273.2(8) (2002); Request Letter, *supra* note 1 (Attachment 2, Montague County Sheriff's Office Jail Division Health Services Plan, at 3). However, the right to informed consent is the right to voluntarily consent to a particular course of treatment after being informed of benefits and risks of the treatment and is not directly relevant to whether an inmate's refusal to use a provider designated by the sheriff constitutes refusal of medical care. *See* STEDMAN'S MEDICAL DICTIONARY 871 (26th ed. 1995) (defining "informed consent" as "voluntary consent given by a person . . . *for participation in a . . . treatment* regimen . . . after being informed of the purpose, methods, procedures, benefits, and risks") (emphasis added); *Rodriguez v. Service Lloyds Ins. Co.*, 997 S.W.2d 248, 253 (Tex. 1999) (courts construe administrative rules, which have the same force as statutes, in the same

manner as statutes); TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) (statutory "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly").

In essence, Nocona General Hospital EMS seeks advance permission from the sheriff's office to deny medical care to inmates in certain situations. *See* Request Letter, *supra* note 1 (Attachment 1, Sheriff's Memo). Given a jailer's constitutional and statutory duty to provide inmates with medical care, *see* discussion *supra* pp. 2-3, and considering the Commission rule and county health services plan, we caution the sheriff's office against advising Nocona General Hospital EMS that every inmate who refuses to use the medical provider summoned by the jail has refused medical treatment. Whether an inmate has refused medical treatment will depend upon the facts of the particular situation. We do not believe, for example, that an inmate's stated preference for an alternate medical provider would, without more, constitute the refusal of any and all medical care. Alternatively, if an inmate is fully informed that the only medical care he will be provided is that by Nocona General Hospital, and if the medical care offered addresses the inmate's medical need and the inmate refuses that care and says he will only accept care by an alternate medical provider, then the inmate has refused the care offered to him. In such case, the county is not obligated to provide care by the alternate provider (unless the county health services plan provides otherwise). Therefore, the sheriff's office should not advise EMS that an inmate has refused treatment unless the sheriff's office has considered the facts of the particular situation.

# S U M M A R Y

A county jail inmate does not have the right to choose a medical provider. Whether an inmate's refusal to use the medical provider selected by the sheriff's office constitutes refusal of any and all medical treatment will depend upon the facts.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee